IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**LINDSAY L. GLENN,**

    **Plaintiff,**

vs.                        Case No. 4:06cv231-SPM/WCS

**SGT. DAVID SIMS,**
**OFFICER REGINALD GLOVER,**
**OFFICER JOHN DOE, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Defendants filed a notice of removal in this Court on May 11, 2006. Doc. 1. On May 17, 2006, a motion to dismiss Count II of the complaint was filed by Defendants. Doc. 4. Plaintiff, who is proceeding *pro se* in this civil rights action, was directed to file a response to the motion. Doc. 7. After granting Plaintiff's motion requesting additional time to respond, docs. 10-11, Plaintiff has failed to file a reply. Plaintiff was previously advised that "**failure to file a reply to the motion to dismiss may be sufficient cause to grant the motion and may result in a recommendation of dismissal of part of Plaintiff's claims.**" Doc. 7, p. 2 (emphasis in original). The local rules of this Court provide that "[f]ailure to file a responsive memorandum may be sufficient cause to grant

the motion." N.D. Fla. Loc. R. 7.1(C)(1). However, this default should not be the basis for the court's ruling.

A motion to dismiss is not a motion for summary judgment, and this particular motion does not efficiently advance the resolution of this case. The rules of pleading a claim are very liberal. Dismissal of a complaint, or a portion thereof, pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted should not be ordered unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). A court must "accept the factual allegations in the complaint as true and make all reasonable inferences in favor of the non-moving party." Spanish Broadcasting System of Fla., Inc. v. Clear Channel Communications, Inc., 376 F.3d 1065, 1070 (11th Cir. 2004).

> Federal Rule of Civil Procedure 8(a)(2) . . . provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.").

> If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding. Moreover, claims lacking merit may be dealt with through summary judgment under Rule 56.

122 S.Ct. at 998-999.

Count II of Plaintiff's complaint asserts a § 1983 claim against Defendants Sims, Glover, Wilson, and a John Doe for "conspiracy to deprive Plaintiff of Civil Rights." Doc.

2, pp. 27-28. It is alleged that these Defendants conspired to have Plaintiff falsely arrested, jailed, maliciously prosecuted, and the aggravated battery committed by Sims concealed. *Id.*, p. 22.

Plaintiff alleges that on December 18, 2005, a Mrs. Brown or Defendant Ashanti Wilson called 911 to report grand theft of a motor vehicle, apparently Brown's vehicle. *Id.*, p. 14. Apparently Wilson told the officers that Plaintiff had stolen Brown's car. *Id.* and p. 15. Plaintiff asserts that Wilson was upset that Brown had let Plaintiff live with her. *Id.* Plaintiff alleges that he told the officers that Wilson and her friend had probably moved the car, that Brown had seen it was gone, and that Wilson returned it and was attempting to mislead Brown, Wilson's grandmother. *Id.*, p. 16. Plaintiff alleges that Defendant Sims told Defendants Glover and John Doe that he "needed help sending Plaintiff to jail." *Id.*, at 19-20. He alleges that the three law enforcement Defendants then allegedly "reached an agreement or official understanding during their conversation to assist [Defendant] Sims, first in falsifying the (TPD) Incident Report(s) to cover up [Defendant] Sims' unreasonable use of force; and second, in falsifying the (TPD) probable cause Incident Arrest Report, to assist the Defendant Wilson's malicious and wilfull [sic] intentions of falsely sending Plaintiff to jail without justification on a fabricated charge of grand theft of a motor vehicle." *Id.*, at 20. Plaintiff alleges that the charge of grand theft placed against him was false because each Defendant knew the vehicle was parked in the front yard when the Defendants arrived "and not stolen by Plaintiff." *Id.* Plaintiff then allegedly questioned Defendant Glover as to what he had done wrong, and was told that "We will find something to hold you on just wait and see." *Id.,* at 20. Defendants Glover, Sims, and John Doe again met and conversed with a private citizen,

Defendant Ashanti Wilson,[1] and "reached an agreement or understanding" to deprive Plaintiff of his rights to be free from unreasonable seizure, false arrest, and malicious prosecution. *Id.* at 21. He alleges Wilson acted to put him "out of Wilson's grandmother's home through the use of illegal means . . ." *Id.*, p. 21.

Count II alleges a conspiracy to violate § 1983. To survive a motion to dismiss where a § 1983 conspiracy is alleged, Plaintiff:

> . . .must allege (1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages.

Ciambriello v. County of Nassau, 292 F.3d 307, 324-325 (2d Cir. 2002) (citations omitted). The primary alleged unconstitutional injury here is a false arrest.

> A warrantless arrest without probable cause violates the Constitution and provides a basis for a section 1983 claim. *Marx v. Gumbinner*, 905 F.2d 1503, 1505 (11th Cir.1990). The existence of probable cause at the time of arrest, however, constitutes an absolute bar to a section 1983 action for false arrest. *Id.* at 1505-06.

Kingsland v. City of Miami, 382 F.3d 1220, 1226 (11th Cir. 2004).

The allegation that the motor vehicle was in the driveway is not significant for probable cause for an arrest for theft. A violation of FLA. STAT. § 812.014(1), theft, occurs when property is obtained or used with intent to either temporarily or permanently deprive the other person of the property.

The remainder of the allegations, however, survive a motion to dismiss, given the liberal rules of pleading noted above. Plaintiff has alleged that he was subjected to excessive force and then the law enforcement officers fabricated an arrest for grand

---

[1] Plaintiff contends Defendant Wilson sought to have "Plaintiff put out of Wilson's grandmother's home through the use of illegal means . . . ." Doc. 2, p. 21.

Case No. 4:06cv231-SPM/WCS

theft to cover the excessive force used.  He alleges that the officers made statements implying an intent to arrest for a pretextual reason rather than upon probable cause.  Thus, the allegations do not, as Defendants contend, simply allege that the officers acted in good faith upon statements of Wilson.  Plaintiff alleges that Wilson wanted Plaintiff out of the house, and fabricated the charge of grand theft to cause him to be arrested.  While the allegation that Wilson talked with the police officers, standing alone, does not support the conspiracy claim, it is sufficient to show opportunity for an agreement to do something unlawful, an essential element of a conspiracy.  Since it does not appear beyond doubt that Plaintiff can prove no set of facts in support of his claim in Count II which would entitle him to relief, the motion to dismiss for failure to state claim should be denied as to this ground.

Defendants' argument that the allegations are insufficient that Wilson acted under color of state law must likewise be rejected.  Since the conspiracy allegations are sufficient, the connection of Wilson to the actions of the law enforcement Defendants (who did act under color of state law) is adequate to survive a motion to dismiss.

Defendants contend that Count II should be dismissed due to the intracorporate conspiracy doctrine.  "[U]nder the intracorporate conspiracy doctrine, '[w]here individual defendants are all employees of the institutional defendant, a claim of conspiracy will not stand.' "  Anemone v. Metropolitan Transp. Authority, 410 F.Supp.2d 255, 271 (S.D. N.Y. 2006) (citations omitted).[2]  Members or employees of the same public or legal

---

[2] *But see* Kivanc v. Ramsey, 407 F.Supp.2d 270, 275 (D.D.C. Jan 04, 2006) (NO. CIV.A. 02-0954(PLF)) (intracorporate doctrine was created to shield a corporation and its employees from liability for routine collaborative decisions; allegedly concealing assault and battery with false police reports is not routine and not protected by the intracorporate doctrine).  *See also* Shaw v. Klinkhamer, 2005 WL 1651179 (N.D. Ill.

entity "cannot conspire with itself."  McAndrew v. Lockheed Martin Corp., 206 F.3d 1031, 1038 (11th Cir. 2000), quoting Chambliss v. Foote, 421 F.Supp. 12, 15 (E.D.La. 1976), and relying on Dickerson v. Alachua County Comm'n, 200 F.3d 761 (11th Cir. 2000).  "The doctrine applies to public entities such as the City and its personnel."  Denney v. City of Albany, 247 F.3d 1172, 1190 (11th Cir. 2001).  Under this doctrine, "a corporation's employees, acting as agents of the corporation, are deemed incapable of conspiring among themselves or with the corporation."  Dickerson, 200 F.3d at 767.

However, "the existence of noncorporate coconspirators alleviates the need for a discussion of the intracorporate conspiracy doctrine . . . ."  United States v. Hartley, 678 F.2d 961, 970 (11th Cir. 1982), cert. denied, 459 U.S. 1170 (1983).  Here, Plaintiff alleges that a private citizen, Wilson, conspired with the law enforcement Defendants.  The complaint should not be dismissed due to the intracorporate doctrine.

Defendants argue that the complaint fails to allege in Count II a conspiracy to use excessive force between Defendant Sims and Defendant's Glover and Doe.  Defendants argue that Plaintiff alleges that Sims used excessive force before Glover and Doe arrived, and thus they could not have conspired with Sims.

Plaintiff alleges that Sims used excessive force.  Doc. 2, pp. 17-18.  He alleges that Glover and the John Doe Defendant did not arrive until the excessive force had ended.  Id., p. 19.  He also alleges that after the excessive force was used, Glover and Doe conspired with Sims and Wilson to falsify reports of grand theft to conceal the

---

2005) (NO. 03 C 6748) (intracorporate doctrine should not apply in egregious circumstances where the employees were motivated *solely* by personal bias) (citing Hartman v. Board of Trustees of Community College Dist. No. 508, 4 F.3d 465 at 470 (7th Cir.1993)).

excessive force used.  *Id.*, p. 22.  He alleges that after they arrived, they made specific statements in the furtherance of this alleged conspiracy.  Of course, whether Sims had probable cause to arrest and use force is relevant to whether the force used was excessive under the circumstances.  These allegations of after-the-fact assistance to Sims in the alleged attempt to characterize the force used as not excessive are sufficient to state a claim of conspiracy with Sims to use excessive force.  This aspect of the motion to dismiss should be denied.

Finally, Defendants note that service of process has not been made on Defendant Ashanti Wilson.  Plaintiff filed this case in state court on March 30, 2006.  Doc. 2.  Summons were issued and the Defendant police officers were served in mid-April, 2006.  A summons was issued for Defendant Wilson on April 20, 2006, and returned unserved on April 24th with a notation that the Defendant "moved somewhere down South Florida."  Doc. 2, attachment.  There is no evidence that service has ever been carried out on this Defendant.  At this point, 165 days have elapsed and Defendant has not been served.  The only claim brought against this Defendant was count II of the complaint.  Thus, the complaint as to Wilson should be dismissed.

Dismissal of Wilson does not revive the intracorporate conspiracy doctrine.  An actionable conspiracy can exist between those named as parties and others who are not parties to the suit, just as a criminal prosecution for conspiracy may proceed even though there are unindicted co-conspirators.

Accordingly, it is **RECOMMENDED** that Defendants' motion to dismiss, doc. 4, be **DENIED**, that the complaint as to Defendant Wilson be **DISMISSED**, and this case be **REMANDED** for further proceedings.

Case No. 4:06cv231-SPM/WCS

**IN CHAMBERS** at Tallahassee, Florida, on September 14, 2006.


       <u>s/   William C. Sherrill, Jr.</u>
       **WILLIAM C. SHERRILL, JR.**
       **UNITED STATES MAGISTRATE JUDGE**


**<u>NOTICE TO THE PARTIES</u>**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**